FILED
IN CLERKS OFFICE

2018 SEP -7 AM 8: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

18cr10314



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

July 31, 2018

William W. Fick, Esq.
Fick & Marx LLP
100 Franklin St., 7th Fl.
Boston, MA 02110

  Re: United States v. Daniel Frisiello
     Magistrate No. 18-MJ-04151-DHH/Criminal No. Unassigned

Dear Mr. Fick:

  The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Daniel Frisiello ("Defendant"), agree as follows with respect to the above-referenced case:

  1. <u>Change of Plea</u>

  At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Plea Agreement charging him with: 18 U.S.C. § 1038 (False Information and Hoaxes Related to Purported Biological Weapons) (Counts One through Six) and 18 U.S.C. § 876(c) (Mailing Threatening Communications) (Counts Seven through Nineteen). Defendant expressly and unequivocally admits that he committed the crimes charged in all counts of the Information, did so knowingly and intentionally, and is in fact guilty of those offenses. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

  2. <u>Penalties</u>

  Defendant faces the following maximum penalties on Counts One through Fifteen, Seventeen, and Nineteen: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and for Counts One through Six, reimbursement to any state or local government or private not-for-profit organization that provides fire or rescue service that incurred expenses incident to any emergency or investigative response to the conduct.

Defendant faces the following maximum penalties on Counts Sixteen and Eighteen: incarceration for 10 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; and restitution.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The parties agree that Defendant's total offense level under the USSG (prior to any adjustment for acceptance of responsibility) is calculated as follows:

a) in accordance with USSG § 2A6.1(a)(1), Defendant's base offense level for each count is 12, because Defendant is not being convicted under 47 U.S.C. § 223(a)(1)(C),(D), or (E) without threatening to injure a person or property;

b) in accordance with USSG § 2A6.1(b)(4), Defendant's offense level is increased by 4 levels for Counts One through Six, because Defendant's offenses resulted in substantial disruption of public, governmental, or business functions or services and substantial expenditure of funds to respond to the offenses;

c) in accordance with USSG § 3A1.2(a), Defendant's offense level is increased by 3 levels for Counts Two, Three, Five, Ten through Sixteen, and Eighteen, because the victim was a government officer or employee or a member of the immediate family of a government officer or employee, and the offenses of conviction were motivated by that status;

d) in accordance with USSG § 3A1.2(b), Defendant's offense level is increased by 6 levels for Counts Two, Three, Five, Ten through Sixteen, and Eighteen, because USSG § 3A1.2(a)(1) and (2) apply and the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person);

e) the offense level for each count is therefore:

- Count One:    $16 = 12 + 4$
- Count Two:    $25 = 12 + 4 + 3 + 6$
- Count Three:  $25 = 12 + 4 + 3 + 6$
- Count Four:   $16 = 12 + 4$
- Count Five:   $25 = 12 + 4 + 3 + 6$
- Count Six:    $16 = 12 + 4$

- Count Seven: 16 = 12 + 4
- Count Eight: 16 = 12 + 4
- Count Nine: 16 = 12 + 4
- Count Ten: 25 = 12 + 4 + 3 + 6
- Count Eleven: 25 = 12 + 4 + 3 + 6
- Count Twelve: 25 = 12 + 4 + 3 + 6
- Count Thirteen: 25 = 12 + 4 + 3 + 6
- Count Fourteen: 25 = 12 + 4 + 3 + 6
- Count Fifteen: 25 = 12 + 4 + 3 + 6
- Count Sixteen: 25 = 12 + 4 + 3 + 6
- Count Seventeen: 16 = 12 + 4
- Count Eighteen: 25 = 12 + 4 + 3 + 6
- Count Nineteen: 16 = 12 + 4

f) in accordance with USSG § 3D1.2(a), the following counts group together because they involve the same victim and the same act:

- Counts One and Eight (Mr. and Mrs. Eric Trump)
- Counts Two and Fifteen (Donald Trump, Jr.)
- Counts Three and Sixteen (Nicola T. Hanna)
- Counts Four and Seventeen (Professor Michele Dauber)
- Counts Five and Eighteen (Senator Deborah Stabenow)
- Counts Six and Nineteen (Antonio Sabato Jr.);

g) this analysis yields the following groups and offense levels:

- Group 1 (Counts One and Eight (Mr. and Mrs. Eric Trump)) – 16
- Group 2 (Counts Two and Fifteen (Donald Trump, Jr.)) – 25
- Group 3 (Counts Three and Sixteen (Nicola T. Hanna)) – 25
- Group 4 (Counts Four and Seventeen (Prof. Michele Dauber)) – 16
- Group 5 (Counts Five and Eighteen (Senator Deborah Stabenow)) – 25
- Group 6 (Counts Six and Nineteen (Antonio Sabato Jr.)) – 16
- Group 7 (Count Seven (company manager)) – 16
- Group 8 (Count Nine (Pennsylvania addressee)) – 16
- Group 9 (Count Ten (Chief McKenna)) – 25
- Group 10 (Count Eleven (Chief Melanson)) – 25
- Group 11 (Count Twelve (Former Col. Alaric Fox)) – 25
- Group 12 (Count Thirteen (Former Chief Vincent Vespia Jr.)) – 25
- Group 13 (Count Fourteen (Former ADA Katie Rayburn)) – 25

h) in accordance with USSG § 3D1.4(a), Groups 2, 3, 5, 9, 10, 11, 12, and 13 each constitute one Unit apiece because they have the highest offense level of 25;

    i) in accordance with USSG § 3D1.4(c), the remaining Groups are disregarded for purposes of calculating the applicable offense level because they each have offense level 16, which is 9 levels less serious than the Groups with the highest offense level of 25, but these groups may provide a reason for sentencing at the higher end of the sentencing range for the applicable offense level;

    j) in accordance with USSG § 3D1.4 (table), Defendant's offense level is increased by taking the offense level applicable to the Group with the highest offense level of 25 and adding 5 levels because the number of Units exceeds 5;

    k) consequently, Defendant's total offense level under the USSG (prior to any adjustment for acceptance of responsibility) is 30.

If Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on Defendant's medical, mental, and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including Bureau of Prisons medical personnel) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in Defendant's possession. In addition, Defendant will authorize Defendant's care providers to discuss Defendant's condition with the U.S. Attorney and his agents (including Bureau of Prisons medical personnel), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including Bureau of Prisons medical personnel).

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure from, or a sentence outside, the USSG under the factors set forth in 18 U.S.C. § 3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG § 3E1.1.

The U.S. Attorney reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

    a) Fails to admit a complete factual basis for the plea;

    b) Fails to truthfully admit Defendant's conduct in the offenses of conviction;

    c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

    d) Fails to provide truthful information about Defendant's financial status;

e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

g) Intentionally fails to appear in Court or violates any condition of release;

h) Commits a crime;

i) Transfers any asset protected under any provision of this Plea Agreement; or

j) Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after the date of this Plea Agreement.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the Court:

a) incarceration within or below the Guidelines sentencing range as calculated by the parties in Paragraph 3;

b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $1,900, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so);

e) restitution in an amount to be determined at sentencing; and

f) reimbursement of response costs, as set forth in 18 U.S.C. § 1038(c).

Defendant agrees to recommend a sentence that includes the mandatory special assessment, restitution, and reimbursement of response costs as set out above, but may argue for any period of probation or incarceration, fine, or term of supervised release that he chooses.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 21 days before sentencing shall be deemed waived.

5. Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Plea Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $ 5,000;

b) Ordinary living expenses necessary to house, clothe, transport, and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $ 2,500 per month; and

c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Plea Agreement and continue until the fine, restitution, and reimbursement ordered by the Court at sentencing are satisfied in full.

If the U.S. Attorney requests, Defendant further agrees to complete truthfully and accurately the enclosed sworn financial statement and to deliver that statement to the U.S. Attorney within 30 days of signing this Plea Agreement.

6. Waiver of Rights to Appeal and to Bring Future Challenge

a) Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c), that Defendant's conviction should

be set aside or Defendant's sentence (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) set aside or reduced.

b) Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

c) Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any sentence of imprisonment of 87 months or less or any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Plea Agreement.

d) The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, the U.S. Attorney will not appeal any imprisonment sentence of 12 months and a day or more.

e) Regardless of the previous sub-paragraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under Strickland v. Washington; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

7. <u>Other Post-Sentence Events</u>

a) If, despite the waiver provision of sub-paragraph 6(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-paragraph 6(c)).

b) If, despite the waiver provision of sub-paragraph 6(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

c) In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Plea Agreement.

### 8. Court Not Bound by Plea Agreement

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

### 9. Information for Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

### 10. Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

### 11. Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Plea Agreement shall be null and void at the option of the U.S. Attorney.

### 12. Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or

8

understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

13. Who is Bound by Plea Agreement

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. Modifications to Plea Agreement

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Scott L. Garland.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By: _____
ZACHARY R. HAFER
Chief, Criminal Division

_____
SCOTT L. GARLAND
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between me and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, maximum penalties for those offenses, and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charge(s) against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

_____
Daniel Frisiello
Defendant

Date: 9/5/18

I certify that Daniel Frisiello has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
William W. Fick, Esq.
Attorney for Defendant

Date: 9/5/18